# EXHIBIT A



# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

**◀◀ BACK TO SEARCH**

**MARIE KAISLEY VS WHOLE FOODS MARKET GROUP, INC.**

| | | | |
|---|---|---|---|
| Local Case Number: | 2020-024653-CA-01 | Filing Date: | 11/16/2020 |
| State Case Number: | 132020CA024653000001 | Judicial Section: | CA09 |
| Consolidated Case No.: | N/A | Case Type: | Discrimination - Employment or Other |
| Case Status: | OPEN | | |

## 👥 Parties
Total Of Parties: 2

**⇨ EXPORT TO CSV**

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Kaisley, Marie | B#: (Bar Number) 165580<br>N: (Attorney Name) Jason S Remer | |
| Defendant | Whole Foods Market Group, Inc. | | |

## ⚖ Hearing Details
Total Of Hearings: 0

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

## 📡 Dockets
Total Of Dockets: 7

**⇨ EXPORT TO CSV**

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | 11/25/2020 | | 20 Day Summons Issued | Service | |
| 6 | 11/25/2020 | | ESummons 20 Day Issued | Event | Parties: Whole Foods Market Group Inc. |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 5 | 11/21/2020 | | Receipt: | Event | RECEIPT#:2580332 AMT PAID:$10.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEI |
| 4 | 11/20/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 3 | 11/18/2020 | | Receipt: | Event | RECEIPT#:2620083 AMT PAID:$401.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RE |
| 2 | 11/16/2020 | | Complaint | Event | |
| 1 | 11/16/2020 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK TO SEARCH

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

### General

Online Case Home    Civil / Family Courts Information    Login

### Help and Support

Clerk's Home    Privacy Statement    ADA Notice    Disclaimer    Contact Us

About Us



# HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved.







# Service of Process Transmittal
12/04/2020
CT Log Number 538691626

| | |
|---|---|
| **TO:** | Timothy Horn<br>Whole Foods Market, Inc.<br>550 Bowie St<br>Austin, TX 78703-4644 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | Whole Foods Market Group, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARIE KAISLEY, Pltf. vs. WHOLE FOODS MARKET GROUP, INC., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020024653CA01 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/04/2020 at 11:37 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/04/2020, Expected Purge Date: 12/09/2020 |
| | Image SOP |
| | Email Notification,  Timothy Horn  timothy.Horn@wholefoods.com |
| | Email Notification,  Ashley Nugent  ashley.nugent@wholefoods.com |
| | Email Notification,  Jennifer LaPlante  jennifer.laplante@wholefoods.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / RS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Dec 4, 2020

**Server Name:** George Thompson

| Entity Served | WHOLE FOODS MARKET GROUP, INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 2020024653CA01 |
| Jurisdiction | FL |



IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR DADE
COUNTY, FLORIDA

MARIE KAISLEY,            GENERAL JURISDICTION DIVISION

    Plaintiff,                CASE No.: 2020-024653-CA-01

v.

WHOLE FOODS MARKET GROUP, INC.
    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** Whole Foods Market Group, Inc. through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD.
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve on

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                                                           11/25/2020

_____           _____
CLERK                                          DATE

     308760
_____
(BY) DEPUTY CLERK

|  | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA |
|---|---|
| MARIE KAISLEY, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE No.: |
| v. | |
| WHOLE FOODS MARKET GROUP, INC. Defendant. | |

_____/

## COMPLAINT

Plaintiff, MARIE KAISLEY ("Plaintiff"), on behalf of herself by and through undersigned counsel, files this Complaint against Defendant, WHOLE FOODS MARKET GROUP, INC. (referred to as "Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This action seeks damages as a result of discrimination and retaliation predicated on Plaintiff's Race, National Origin, and Retaliation in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA") and 42 USC Section 1981.

2. The jurisdiction of the Court over this controversy is based upon the FCRA.

3. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant is authorized to conduct business in Dade County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County, the discriminatory acts took place in Dade County, and damages exceed $30,000.

6. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination. *See* Exhibit A.

7. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff, a female Black Haitian American, was employed with Defendant from August 2018 through February 28, 2019 as a cashier.

9. Plaintiff was subjected to disparate treatment based on race and national origin.

10. Plaintiff claims the white Hispanic employees received preferential treatment from Plaintiff's white Hispanic supervisor.

11. Plaintiff was instructed on many occasions by her white Hispanic supervisor not to speak French Creole with other Haitian employees.

12. Shortly before her termination, Plaintiff asked this supervisor how was it fair if Spanish co-workers could speak in Spanish to each other but Haitians could not speak their native language of Creole. Plaintiff complained to her supervisor that she felt discrimination in the workplace. The supervisor was upset with the complaint by Plaintiff of discrimination and unfair treatment and began to retaliate against Plaintiff.

13. This supervisor would provide better treatment to white Hispanic employees working as cashiers and promote white Hispanic employees and not black Haitians who worked for the company longer.

14. On February 25, 2019, Plaintiff was on her way to using the restroom and reached into her purse and dropped her earphones on the ground. After using the restroom, she noticed her earphones on the ground and picked them up and placed them back in her purse.

15. Two days later, Plaintiff was called into the back and questioned about the earphones and Plaintiff explained the earphones had fallen out of her purse before she used the bathroom because she reached into her purse before entering the bathroom.

16. Defendant, through this Hispanic manager, fired Plaintiff in retaliation for her complaints of discrimination and/or her race and/or her national origin.

17. Plaintiff was fired from employment with Defendant in retaliation for her complaints of discrimination just a month before and based on race and/or national origin discrimination.

18. Any reason proffered by Defendant for the adverse employment action is mere pretext for unlawful discrimination and retaliation.

## COUNT I

*RACE DISCRIMINATION IN VIOLATION OF THE FCRA AND 42 USC SECTION 1981*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

20. Plaintiff is a member of a protected class under the FCRA and 42 USC Section 1981.

21. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's Race and subjected the Plaintiff to race -based animosity.

22. Such discrimination was based upon the Plaintiff's race.

23. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's Race unlawful but acted in reckless disregard of the law.

24. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

25. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

26. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

27. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

28. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

29. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II: NATIONAL ORIGIN *DISCRIMINATION IN VIOLATION OF THE FCRA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin -based animosity.

33. Such discrimination was based upon the Plaintiff's national origin.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin unlawful but acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus

entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

G. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

H. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

I. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

J. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

K. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

L. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *RETALIATION IN VIOLATION OF THE FCRA*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this Complaint as if set out in full herein.

42. Defendant is an employer as that term is used under the applicable statutes referenced above.

43. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the FCRA.

44. The foregoing unlawful actions by Defendant were purposeful.

45. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

46. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

47. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

48. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated November 10, 2020                             Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA |
| MARIE KAISLEY, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE No.: 2020-024653-CA-01 |
| v. |  |
| WHOLE FOODS MARKET GROUP, INC. Defendant. _____/ |  |

**SUMMONS IN A CIVIL CASE**

**TO:** Whole Foods Market Group, Inc. through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD.
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve on

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                                                    DATE

_____
(BY) DEPUTY CLERK